**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JA'KEENIA AKHEMIEN, and WINTERS AKHEMIEN,<br><br>Plaintiffs,<br><br>v.<br><br>I.Q. DATA INTERNATIONAL, INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JA'KEENIA AKHEMIEN ("Ms. Akhemien") and WINTERS AKHEMIEN ("Mr. Akhemien") (collectively, "Plaintiffs"), by and through their attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of I.Q. DATA INTERNATIONAL, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.   Plaintiffs bring this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

1

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

4.   Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and the claims arise out of common questions of law and fact.

**PARTIES**

5.   Plaintiffs are a married couple and consumers over-the-age of 18 residing in Sacramento, California, which lies within the Eastern District of California.

6.   Defendant provides third party debt collection services.  Defendant's principal place of business is located at 21222 30th Drive, Suite 120, Bothell, Washington 98028.  Defendant regularly collects upon consumers located within the State of California.

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

8.   The instant action stems from Defendant's attempts to collect upon an outstanding balance on a defaulted real estate lease ("subject debt") purportedly owed by Ms. Akhemien.

2

9.  On or around September 12, 2019, Plaintiffs accessed their respective consumer reports and noticed that Defendant was reporting the subject debt on their consumer reports.

10. Defendant reported an amount for the subject amount that was much higher than the total Plaintiffs estimated as their outstanding obligation.

11. In addition, Defendant telephonically contacted Mr. Akhemien in an attempt to collect upon the subject debt.

12. Mr. Akhemien demanded that Defendant cease contacting him and to contact Ms. Akhemien instead.

13. Defendant falsely replied to Mr. Akhemien that it had already contacted Ms. Akhemien on July of 2019, and represented that Ms. Akhemien was non-compliant and had refused to speak with Defendant.

14. Exasperated with Defendant's false representations to her husband, Ms. Akhemien contacted Defendant to demand that it cease lying to her husband.

15. In response to Ms. Akhemien's pleas, Defendant mocked her for causing the subject debt to appear on her husband's consumer reports.

16. The subject debt appearing on Plaintiffs' consumer reports, along with the misrepresentations from Defendant, greatly concerned Plaintiffs and has put a strain on their marriage.

17. Frustrated with Defendant's conduct, Plaintiffs spoke with Wajda regarding their rights, thus resulting in pecuniary loss and expenditure of resources.

18. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, and marital strain.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiffs repeat and reallege paragraphs 1 through 18 as though fully set forth herein.

20. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[1]

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a.  Violations of FDCPA § 1692d**

24. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

25. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods that purposefully placed Plaintiffs, a married couple, at odds with each other. Defendant's harassing conduct towards Plaintiffs is highlighted when it mocked Ms. Akhemien for allegedly causing the subject debt to appear on Mr. Akhemien's consumer reports.

**b.  Violations of FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

[1] https://www.acainternational.org/search#memberdirectory

4

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10); and

28. Defendant violated 15 U.S.C. § 1692e, e(10) by employing misleading deceptive means to attempt to collect upon the subject debt. Specifically, it was false and misleading for Defendant to lie to Mr. Akhemien regarding a fictional phone call between it and Ms. Akhemien.  Defendant deceptively engaged in this behavior in order to coerce Plaintiffs into making a payment. These means employed by Defendant only served to worry and confuse Plaintiffs, even placing a strain on their marriage.

**c.  Violations of FDCPA § 1692f**

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. Defendant violated §1692f by employing unfair means to collect upon subject debt from Plaintiffs. Any reasonable fact finder will conclude that Defendant's verbal assaults and misrepresentations were unfair and unconscionable efforts to collect upon the subject debt.

WHEREFORE, Plaintiffs, JA'KEENIA AKHEMIEN and WINTERS AKHEMIEN, respectfully request that this Honorable Court enter judgment in their favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.  Awarding Plaintiffs respectively statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.  Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiffs restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiffs are "person[s]" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e, f, and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiffs, in violation of the RFDCPA.

37. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiffs statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiffs, JA'KEENIA AKHEMIEN and WINTERS AKHEMIEN, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

6

c.   Award Plaintiffs respectively statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.   Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.   Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f.   Award any other relief as the Honorable Court deems just and proper.

Dated: September 20, 2019                    Respectfully submitted,

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com